IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>EDWARD SUA,<br><br>      Defendant. | Cr. No. 98-00411HG-02<br>Cv. No. 13-00127HG-BMK |

**ORDER DENYING DEFENDANT EDWARD SUA'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER TO 28 U.S.C. § 2255 (ECF NO. 406)**

On March 13, 2013, Defendant Edward Sua filed a Motion to Vacate, Set Aside or Correct Sentence (ECF No. 406), pursuant to 28 U.S.C. § 2255. Defendant challenges his sentence of 336 months imprisonment, which was imposed on February 14, 2000.

Defendant's Motion to Vacate, Set Aside or Correct Sentence Under Title 28 U.S.C. § 2255(f)(3) (ECF No. 406) is **DENIED**, as untimely and lacking in merit.

### BACKGROUND

On July 8, 1988, an Indictment was filed, charging Defendant Edward Sua and three co-defendants, with: Count 1: conspiracy to

1

possess, with intent to distribute, more than 100 grams of methamphetamine and more than 500 grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and  841(b)(1)(B)(ii); Count 2: attempting to possess, with intent to distribute, more than 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II); and Count 3: attempting to possess, with intent to distribute, more than 500 grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II).

On August 19, 1998, a First Superseding Indictment was filed, alleging the same charges against Defendant as in the original Indictment. The First Superseding Indictment added an additional defendant. (Government's Response Ex. A, ECF No. 411.)

On March 5, 1999, a jury found Defendant guilty on all three counts in the First Superseding Indictment. (ECF No. 248.)

On February 7, 2000, Defendant was sentenced to 336 months imprisonment. (ECF No. 313.)

On February 14, 2000, Judgment was entered against Defendant. (ECF No. 317.)

On October 9, 2002, the Ninth Circuit Court of Appeals denied Sua's timely Appeal. (ECF No. 387.)

On February 24, 2003, the United States Supreme Court denied certiorari. Sua v. United States, 537 U.S. 1221 (2003).

On March 13, 2013, approximately ten years after the Supreme Court denied certiorari, Defendant filed the Motion to Vacate, Set Aside or Correct Sentence, pursuant to Title 28 U.S.C. § 2255(f)(3) ("Section 2255 Motion"). (ECF No. 406.) The Section 2255 Motion asserts a claim for ineffective assistance of counsel for failure to communicate a plea offer and accurately advise Defendant of his possible sentence. Defendant also claims that his rights were violated because he lacked access to an attorney during the permissible time for filing a Section 2255 Motion. Defendant's second ground for relief, regarding lack of access to habeas counsel, is interpreted as a claim that Defendant's Section 2255 Motion is timely.

On March 13, 2013, Defendant filed an Application for Appointment of Counsel to assist him with his Section 2255 Motion. (ECF No. 408.)

On March 22, 2013, the Court issued a Minute Order, setting a briefing schedule for the Section 2255 Motion. (ECF No. 409.)

On April 18, 2013, the Court denied Defendant's request for appointment of Counsel at that time, as his Section 2255 Motion appeared to be time-barred. The Court would determine if an evidentiary hearing was required, after briefing was completed.

Defendant would be appointed counsel to assist with an evidentiary hearing, if appropriate. (ECF No. 410.)

On May 31, 2013, the Government filed a Response in opposition to the Section 2255 Motion. (ECF No. 411.)

On June 24, 2013, Defendant filed a Reply in support of his Section 2255 Motion. (ECF No. 412.)

## DISCUSSION

**I. DEFENDANT IS NOT ENTITLED TO POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255**

**A.   Defendant's Section 2255 Motion is Time-Barred**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion"). The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute. 28 U.S.C. § 2255(f). The statute provides:

> The one-year limitations period for filing a Section 2255 Motion runs from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;

---

[1]   The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Equitable tolling may apply to the AEDPA's one-year statute of limitations in limited circumstances. United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).

Defendant Edward Sua's conviction became final when the Supreme Court denied certiorari on February 24, 2003. See Sua, 537 U.S. 1221 (2003). Defendant does not raise a claim for equitable tolling. Absent some alternative start date, Defendant's time for filing a Section 2255 Motion expired on or about February 24, 2004.

Defendant's Section 2255 Motion was filed approximately nine years after the limitations period expired. Defendant claims that his Section 2255 Motion is timely, pursuant to 28 U.S.C. Section 2255(f)(3), because he is asserting rights newly recognized by the United States Supreme Court that he maintains should be made retroactively applicable. A Section 2255 Motion asserting such a right is timely if it is filed within one year of the Supreme Court decision recognizing that right. 28 U.S.C. § 2255(f).

Defendant relies on the cases of <u>Missouri v. Frye</u>, - U.S. -, 132 S.Ct. 1309 (2012) and <u>Lafler v. Cooper</u>, - U.S. -, 132 S.Ct. 1376 (2012), in asserting that his claim for ineffective assistance of counsel is timely, based on newly recognized rights regarding a defendant's right to be informed of and accurately advised regarding a plea offer. Defendant also relies on the case of <u>Martinez v. Ryan</u>, - U.S. -, 132 S.Ct 1309 (2012), in asserting that his Section 2255 Motion is proper because he was not represented during the permitted time for filing a Section 2255 Motion.[2] (Section 2255 Motion at pgs. 24-26.)

Although Defendant's Section 2255 Motion was filed within one year of the cited Supreme Court decisions, the cited cases do not establish an alternative start date for the limitations period, or otherwise require consideration of the merits of Defendant's claim. <u>See</u> <u>Buenrostro v. United States</u>, 697 F.3d 1137 (9th Cir. 2012).

The cases of <u>Frye</u> and <u>Lafler</u> applied a defendant's right to effective assistance of counsel to specific facts in the plea bargaining context. They did not create new rules of constitutional law or recognize a new right. <u>Buenrostro</u>, 607 F.3d at 1140. In <u>Buenrostro</u>, the Ninth Circuit Court of Appeals explained::

> The Supreme Court in both [<u>Frye</u> and <u>Lafler</u>] merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in <u>Strickland v.

---

[2] Defendant claims that <u>Martinez v. Ryan</u> provides a second ground for relief. (Section 2255 Motion at pg. 24.)

6

> Washington, 466 U.S. 668, 686 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52 (1985). Because the Court in Frye and Lafler repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.

697 F.3d at 1139-40 (internal citations omitted). The ruling of the Ninth Circuit Appellate Court is consistent with decisions by the Appellate Courts in the Fifth, Seventh, and Eleventh Circuits. In re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012); In re King, --- F.3d ----, 2012 WL 4498500, at *1 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012).

The case of Martinez, 132 S.Ct. 1309, similarly fails to establish a new rule that is retroactively applicable. Buenrostro, 697 F.3d at 1140. The Martinez case addressed circumstances in which ineffective assistance of counsel in a state habeas proceeding may excuse a procedural bar to pursuing a federal habeas claim. The Supreme Court characterized its decision in Martinez as an "equitable ruling," and not a constitutional one. 132 S.Ct. at 1319; Buenrostro, 697 F.3d at 1140. The Martinez case, moreover, does not apply to federal convictions, such as Defendant Sua's conviction here. Id.

Defendant asks the Court to make a ruling contrary to Buenrostro and the decisions of other Appellate Courts, and find his Section 2255 Motion timely made, pursuant to 28 U.S.C. § 2255(f)(3). (Sua's Reply at pgs. 3, 6, ECF No. 412.)

The Court finds, in accordance with the analysis in Buenrostro, that the Supreme Court's rulings in Frye, Lafler and Martinez did not create new rules of constitutional law or recognize a new right that applies here.

Defendant has not pointed to any case or circumstance, as set forth in 28 U.S.C. § 2255(f), that resets the one-year statute of limitations or otherwise provides support for the Court to rule on the merits of his habeas claim. Defendant's time for filing a Section 2255 Motion expired on or about February 24, 2004. Defendant's Section 2255 Motion is time-barred.

### B.  Appointment of Counsel for Section 2255 Motions

Defendant, relying on Martinez v. Ryan, 132 S.Ct. 1309, claims that he was entitled to counsel during the period set out in AEDPA for filing a Section 2255 Motion, pursuant to 28 U.S.C. § 2255(f). Defendant claims that, had he been provided with counsel, he would have timely filed his ineffective assistance of counsel claim. (Section 2255 Motion at pgs. 24-26.)

The Sixth Amendment to the United States Constitution does not apply to state or federal prisoners' habeas corpus actions. McCleskey v. Zant, 499 U.S. 467, 495 (1991). A federal prisoner may be entitled to appointed counsel for a Section 2255 Motion in some circumstances, such as when an evidentiary hearing is required. United States v. Duarte-Higareda, 68 F.3d 369-70 (9th

8

Cir. 1995)(citing Rule 8(c) of the Federal Rules Governing Section 2255 Proceedings).

The Court finds that Defendant has not articulated a claim that would have entitled him to appointed counsel during the period provided by AEDPA for filing a Section 2255 Motion.

### C. Defendant's Ineffective Assistance of Counsel Claim Lacks Merit

Defendant states he received ineffective assistance of counsel. He claims his former defense counsel failed to inform him of the Government's plea offer of a maximum term of imprisonment of fifteen years ("the Fifteen-Year Plea Offer"). Defendant also claims that his former defense counsel failed to inform him that he faced a twenty-eight-year term of imprisonment. (Section 2255 Motion at pg. 12.) Defendant seeks to be sentenced according to the terms of the Fifteen-Year Plea Offer. (Id. at pgs. 22-24.)

An ineffective assistance of counsel claim requires a defendant to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). A defendant must overcome the strong presumption that a defense counsel

rendered adequate assistance. Jones v. Ryan, 583 F.3d 626, 637-38 (9th Cir. 2009).

Defendant Sua's conclusory allegations, regarding his Former Counsel's failure to adequately advise him regarding the Fifteen-Year Plea Offer, are not supported by the record. Defendant's Former Counsel submitted a Declaration, stating that she recalls advising Defendant to seriously consider accepting the Government's plea offer, although Defendant maintained that he was innocent throughout the proceedings. (Government's Response Ex. B, Declaration of Defense Counsel at ¶ 7, ECF No. 411.) Defendant's Former Counsel also states that she accurately advised Defendant of the penalties he faced. (Id. at ¶ 8.) Defendant was facing three serious charges and was in Category IV of the Criminal History Scale. Defendant's own statements also undermine his position that Former Counsel's representation was deficient. Defendant states that Counsel informed him, at the beginning of trial, that he could plead guilty to a fifteen-year sentence of imprisonment. (Section 2255 Motion at pg. 15, ECF No. 406.)

The record also fails to show prejudice arising from the allegedly deficient representation. Strickland v. Washington, 466 at 694. Defendant admits that he rejected the Government's initial plea offer of a five- to eight-year term of imprisonment. (Section 2255 Motion at pg. 14, ECF No. 406.) Defendant

maintained his innocence throughout the proceedings and decided to proceed with trial, with knowledge of the Fifteen-Year Plea Offer. Defendant's own statements do not support his claim that he received ineffective assistance of counsel.

### D. Defendant is Not Entitled to an Evidentiary Hearing

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An evidentiary hearing is not required, however, if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)(citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

Defendant Sua's Section 2255 Motion is time-barred and lacks merit. Defendant is not entitled to an evidentiary hearing.

Defendant Edward Sua's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, (ECF NO. 406) is **DENIED.**

**II.   DEFENDANT IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2). A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When a habeas petition is denied on procedural grounds, without reaching the merits of the underlying constitutional claim, a prisoner seeking a Certificate of Appealability must show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Defendant's Section 2255 Motion is untimely and asserts an ineffective assistance of counsel claim that lacks merit. Defendant does not make a substantial showing that he was deprived of a constitutional right, and there is no reason to encourage further proceedings. See Wright v. United States, No.

12-1348TSZ, 2012 WL 5866419 (W.D.Wash. Nov. 19, 2012)(denying Certificate of Appealability when rejecting a prisoners claim that his habeas claim was timely, pursuant to the cases of Frye and Lafler).

Defendant relies on the case of United States v. Rodriquez-Mendez, 2011 WL 3799943 (D.Neb. Aug. 29, 2011), in support of his request for a Certificate of Appealability. (Sua's Reply at pg. 7, ECF No. 412.) In Rodriquez, the Nebraska District Court's issuance of a Certificate of Appealability was based on the fact that the Eighth Circuit Court of Appeals had not yet ruled on whether the Supreme Court case, which the prisoner relied on to establish the timeliness of his Section 2255 Motion, was retroactive for the purposes of 28 U.S.C. § 2255(f)(3) . Id. at *6.

Defendant's request for a Certificate of Appealability is not supported by the ruling in Rodriquez. The Ninth Circuit Court of Appeals ruled in Buenrostro, 697 F.3d at 1139-40 that the cases that Defendant claims establish the timeliness of his Section 2255 Motion (Frye, Lafler, and Martinez), are not new rules.

Defendant's request for a Certificate of Appealability is **DENIED.**

**CONCLUSION**

Defendant Edward Sua's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF NO. 406) is **DENIED.**

IT IS SO ORDERED.

DATED: July 24, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

United States of America v. Edward Sua; Crim. No. 98-00411HG-02; Civ. No. 13-00127HG-BMK; **ORDER DENYING DEFENDANT EDWARD SUA'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF NO. 406)**